**Fitim BERISHA, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–0611–ag.

United States Court of Appeals, Second Circuit.

July 15, 2008.

Charles Christophe, Christophe & Associates, P.C., New York, New York, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Barry J. Pettinato, Assistant Director, Julia J. Tyler, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Fitim Berisha, a native and citizen of the former Republic of Yugoslavia, seeks review of a January 7, 2008 order of the BIA affirming the December 28, 2005 decision of Immigration Judge ("IJ") Robert Weisel denying Berisha's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Berisha,* No. A 99 075 307 (B.I.A. Jan. 7, 2008), *aff'g* No. A 99 075 307 (Immig. Ct. N.Y. City Dec. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

The BIA affirmed the IJ's denial of relief, finding that even if Berisha were

credible, he had not established that he suffered past persecution or had a well-founded fear of future persecution on account of his political opinion or any other protected ground.[1] *See* 8 U.S.C. § 1101(a)(42); 8 U.S.C. § 1158(b)(1)(B)(i). In *INS v. Elias–Zacarias,* 502 U.S. 478, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), the Supreme Court found that even when an asylum petitioner holds a political opinion contrary to that of the guerrillas or extremists who threatened to harm him if he did not join them, the petitioner "still has to establish that the record also compels the conclusion that he has a 'well-founded fear' that the guerrillas will persecute him *because of* that political opinion, rather than because of his refusal to fight with them." *Id.* at 483, 112 S.Ct. 812. No evidence compels us to conclude that the "extremist" who threatened and attacked Berisha was motivated by Berisha's political opinion where he testified that he was threatened and attacked because he refused to participate in an insurrection against international troops and failed to present any evidence indicating that the extremist attributed any political opinion to him based on his refusal to participate. *See id.* at 480, 112 S.Ct. 812.

■ Because Berisha failed to demonstrate a nexus to a protected ground, the agency's denial of asylum was not in error. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i). As Berisha was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,*

444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir.1991).

Because Berisha has failed to sufficiently challenge before this Court the agency's finding that he failed to establish that any threat of torture would be by or with the acquiescence of the government, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). That unchallenged finding is dispositive of his CAT claim. *See* 8 C.F.R. § 1208.18(a)(7); *Khouzam v. Ashcroft,* 361 F.3d 161, 171 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Berisha's motion for a stay of removal in this petition is DISMISSED as moot. Berisha's request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

1. Although Berisha argues that substantial evidence does not support the IJ's adverse credibility determination, we need not consider that argument because the BIA appeared to assume his credibility. We do the same. *See Yan Chen,* 417 F.3d at 271.

